UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| United States of America, | Case No. 23-cr-290 (JWB/TNL) |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| James Edward Hollman, Jr., | |
| Defendant. | |

---

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Karen E. Mohrlant, F. Clayton Tyler, P.A., 331 Second Avenue South, Suite 230, Minneapolis, MN 55401 (for Defendant).

---

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on the following pretrial motions:

1. The Government's Motion for Discovery, ECF No. 24;

2. Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 32;

3. Defendant's Motion for Disclosure of Jencks Act Material, ECF No. 33; and

4. Defendant's Motion to Retain Rough Notes, ECF No. 34.

A hearing was held on December 7, 2023. ECF No. 38. Assistant United States Attorney Benjamin Bejar appeared on behalf of the United States of America (the "Government"). Attorney Karen E. Mohrlant appeared on behalf of Defendant James Edward Hollman, Jr.

Based upon the record, memoranda, and oral arguments, **IT IS HEREBY**

**ORDERED** as follows:

1. The Government's Motion for Discovery, ECF No. 24, is **GRANTED**.

The Government's motion seeks discovery available under Federal Rules of Criminal Procedure 12.1, 12.2, 12.3, 16(b), and 26.2. *See generally* ECF No. 24. Defendant does not object to an order requiring him to comply with Rules 12.1, 12.2, 12.3, 16(b), and 26.2. *See* ECF No. 36. The Government's motion is granted.

Further, the parties shall disclose the identity of any expert witness and make all expert disclosures required by Rule 16 no later than 28 days before trial. The parties shall also disclose the identity of any expert who will testify in rebuttal of an expert witness and make all disclosures as to such expert required by Rule 16 no later than 14 days before trial. *See* ECF No. 20 at 2.

2. Defendant's Motion for Disclosure of 404(b) Evidence, ECF No. 32, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests that the Government provide notice of any 404(b) evidence "including identifying any witnesses or exhibits it intends to offer, the purpose for which the evidence will be offered, and the reasoning supporting it, at least 28 days prior to trial." ECF No. 32 at 1. In response, the Government offers to disclose 404(b) evidence that it intends to use at trial no later than 21 days before trial. *See* Gov't's Consol. Resp. at 5, ECF No. 37. The Government requests the Court to not require more than what is encompassed by Rule 404(b), specifically noting that Rule 404(b) does not encompass intrinsic evidence. *Id.* at 5-6.

Federal Rule of Evidence 404(b) requires the Government to provide reasonable

written notice before trial when evidence of a crime, wrong, or other act will be used to "prov[e] motive opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see* Fed. R. Evid. 404(b)(3)(A) (prosecutor must "provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it"), (C) (in writing). The Government is required to "articulate in the notice the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B).

"Rule 404(b) . . . applies to the admission of wrongful-act evidence that is extrinsic to the charged offense . . . ." *United States v. Ruiz-Chavez*, 612 F.3d 983, 988 (8th Cir. 2010). It does not apply to intrinsic evidence. *Id.*; *see also United States v. Beltz*, 385 F.3d 1158, 1162 (8th Cir. 2004) ("Evidence that is relevant to the crime charged is not other crimes evidence."). "Evidence of other wrongful conduct is considered intrinsic when it is offered for the purpose of providing the context in which the charged crime occurred." *Ruiz-Chavez*, 612 F.3d at 988 (quotation omitted).

Rule 404(b) does not require that the Government "disclose directly or indirectly the names and addresses of its witnesses, something it is currently not required to do under [Fed. R. Crim. P.] 16." Fed. R. Evid. 404(b) advisory committee's notes to 1991 Amendments; *see United States v. Polk*, 715 F.3d 238, 249 (8th Cir. 2013); *United States v. Hamilton*, 452 F.2d 472, 479 (8th Cir. 1971); *see also United States v. Miller*, 698 F.3d 699, 704 (8th Cir. 2012) ("In 1975, Congress amended Rule 16 to eliminate a requirement that the government disclose its witnesses prior to trial.").

The Court finds the Government's 21-day proposal reasonable. And at the motions hearing, Defendant confirmed that he is content with the Government's proposal. As such, no later than 21 days prior to trial, the Government shall provide reasonable written notice of all "extrinsic" evidence then known to the Government that the Government intends to offer within the purview of Rule 404(b), articulating "the permitted purpose for which the [Government] intends to offer the evidence and the reasoning that supports the purpose." Fed. R. Evid. 404(b)(3)(B). If the Government subsequently discovers additional extrinsic evidence, it shall provide reasonable notice of such evidence as soon as practicable after such discovery. *See* Fed. R. Evid. 404(b)(3)(C). Defendant's motion is denied to the extend it goes beyond Rule 404(b).

3. Defendant's Motion for Disclosure of Jencks Act Material, ECF No. 33, is **DENIED**.

Defendant seeks early disclosure of Jencks Act materials, requesting that such materials be disclosed at least seven days prior to the commencement of trial. ECF No. 33 at 1-2. The Government objects to any order requiring early disclosure but states it will disclose Jencks Act materials voluntarily prior to trial. Gov't's Consol. Resp. at 6.

By its terms,

> [t]he Jencks Act does not compel the government to produce a statement or report of a government witness until after the witness has testified on direct examination, after which the defendant may move for the production of any statements in the government's possession made by that witness relating to the subject matter of [his] testimony.

*United States v. Green*, 151 F.3d 1111, 1115 (8th Cir. 1998); *see* 18 U.S.C. § 3500(b).

"Although in many cases the government freely discloses Jencks Act material to the defense in advance of trial, the government may not be required to do so." *Green*, 151 F.3d at 1115 (quotation omitted); *accord United States v. Wilson*, 102 F.3d 968, 971-72 (8th Cir. 1996). Defendant's request for early disclosure of Jencks Act materials is denied. While the Court is not ordering the Government to disclose Jencks Act materials early, the Court encourages the parties to disclose such materials no less than three days before trial.

4. Defendant's Motion to Retain Rough Notes, ECF No. 34, is **GRANTED IN PART** and **DENIED IN PART**.

Defendant requests an order directing that all law enforcement agents, including any confidential reliable informants, retain and preserve all rough notes taken as part of their investigation. ECF No. 34 at 1. Defendant asserts that rough notes are statements within the meaning of the Jencks Act. *Id.* The Government does not object to the retention of rough notes. Gov't's Consol. Resp. at 7. The Government, however, objects to the disclosure of any rough notes and opposes Defendant's assertion that rough notes are statements within the meaning of the Jencks Act. *Id.* at 8.

Defendant's request for the retention of rough notes is granted. To the extent that it has not already done so, the Government shall direct its agents to preserve any rough notes pertaining to this matter.

To the extent that Defendant seeks disclosure of rough notes, such request is denied. *See United States v. Robinson*, 439 F.3d 777, 779-80 (8th Cir. 2006) ("'[R]eports, memoranda, or other internal government documents' created by a government agent in connection with the investigation or prosecution of the case are immune from discovery.")

5

(quotation omitted) (quoting *United States v. Wipf*, 397 F.3d 632, 637 (8th Cir. 2005)); *see also United States v. Altman*, 507 F.3d 678, 680 (8th Cir. 2007) ("A federal criminal defendant generally has no right to know about government witnesses prior to trial.").

5. All prior consistent orders remain in full force and effect.

6. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like.

Date: January 5, 2024                              *s/ Tony N. Leung*
                                                   Tony N. Leung
                                                   United States Magistrate Judge
                                                   District of Minnesota


                                                   *United States v. Hollman, Jr.*
                                                   Case No. 23-cr-290 (JWB/TNL)