UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 23-cr-290 (JWB/TNL) |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| James Edward Hollman, Jr., | |
| Defendant. | |

Benjamin Bejar, Assistant United States Attorney, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, MN 55415 (for the Government); and

Karen E. Mohrlant, F. Clayton Tyler, P.A., 331 Second Avenue South, Suite 230, Minneapolis, MN 55401 (for Defendant).

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Defendant James Edward Hollman, Jr.'s Motion to Dismiss the Indictment, ECF No. 30, and Motion to Suppress Evidence Obtained from Cell Phones, ECF No. 31. These motions have been referred to the undersigned for a report and recommendation to the district court, the Honorable Jerry W. Blackwell, District Judge of the United States District Court for the District of Minnesota, under 28 U.S.C. § 636 and D. Minn. LR 72.1.

A hearing was held on December 7, 2023, and both motions were taken under advisement on that same day. ECF No. 38. Assistant United States Attorney Benjamin Bejar appeared on behalf of the United States of America ("Government"). Attorney Karen

1

E. Mohrlant appeared on behalf of Defendant. These motions are ripe for determination by the Court.

## II.  BACKGROUND

On August 11, 2023, Defendant was charged in a three count Criminal Complaint. ECF No. 2. The accompanying affidavit, signed by Federal Bureau of Investigation Task Force Officer Justin C. Young, details factual allegations to show probable cause to issue the Criminal Complaint and an arrest warrant for Defendant. *See* Aff. of Justin Young, ECF No. 2.1. Later on, September 14, 2023, Defendant was charged via Indictment with the three Counts charged in the Criminal Complaint. ECF No. 9; *see also* ECF No. 2 at 1.

Count One charges Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). ECF No. 9 at 1-2. According to the Indictment, on or about March 15, 2023, Defendant, having been convicted of assault in first-degree and for being a felon in possession of a firearm, both of which are crimes punishable by imprisonment for a term exceeding one year, knowingly possessed, "a Glock model 27, .40-caliber pistol, with an obliterated serial number, an inserted high-capacity magazine, an attached Viridian red laser, and an attached machinegun conversion device . . . ." *Id.* Count Two charges Defendant with carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). *Id.* at 2. With respect to Count Two, the Indictment alleges that on or about March 15, 2023, Defendant knowingly carried "a firearm, that is, a Glock model 27, .40-caliber pistol with an obliterated serial number, an inserted high-capacity magazine, and an attached Viridian red laser, during and in relation to a drug-trafficking crime . . . possession with intent to distribute a mixture and

substance . . . commonly called 'fentanyl', a controlled substance . . . ." *Id.* at 2. And Count Three charges Defendant with being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). *Id.* at 2-3. Lastly, per Count Three, the Indictment alleges that on or about March 15, 2023, Defendant, having been convicted of a felony, "did knowingly possess . . . 50 rounds of various .40-caliber ammunition, including 37 'R·P 40 S&W' ammunition rounds, 5 'S&B 40 S&W' ammunition rounds, 4 '40 S&W CBC' ammunition rounds, 3 'WINCHESTER 40 S&W' ammunition rounds, and 1 'BLAZER 40 S&W' ammunition round . . . ." *Id.* at 3.

## III.  ANALYSIS

Defendant moves to dismiss Counts One through Three of the Indictment. *See* ECF No. 30. Defendant also moves to suppress evidence obtained from cell phones. ECF No. 31. The Government opposes both motions. Gov't's Consol. Resp. at 1-5, ECF No. 37. Because of the representations made by the Government, both at the hearing and in its Response to Defendant's motion to suppress, the Court will briefly address the motion to suppress first.

### A.  Motion to Suppress Evidence Obtained from Cell Phones

Defendant states that on March 15, 2023, police officers executed a search warrant that authorized the search of Defendant, a vehicle, and an apartment. ECF No. 31 at 1. The police officers recovered two cell phones during that search. *Id.* Defendant also states that on March 20, 2023, a Minneapolis Police Officer applied for and obtained a state search warrant for both of the cell phones. *Id.* Defendant argues that this search warrant violated

the Fourth Amendment of the United States Constitution because it is "overbroad, not particularized, and not supported by probable cause." *Id.*

In response, "[t]he United States posits that no law enforcement officer has yet examined the results of the state search warrant of the two cellular phones (on the government's request), and further that the United States will not use any information derived from the execution of the state search warrant in its case-in-chief." Gov't's Consol. Resp. at 4. Thus, the Government requests the motion be denied as moot at this time but reserves the right to apply for and obtain a federal search warrant of the two cell phones if the need arises, which the Government believes is unlikely. *Id.* at 4-5. The Government reiterated this at the hearing. Based on those representations made by the Government, Defendant stated at the hearing that its motion may be moot and will address any issues with a federal warrant if and when the time comes. Therefore, based on the representations made by the Government and Defendant, the Court recommends that Defendant's motion to suppress be denied as moot.

### B. Motion To Dismiss the Indictment

Defendant argues that the Indictment should be dismissed because the statutes Defendant is charged with violating, 18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A)(i), violate his rights under the Second Amendment of the United States Constitution. ECF No. 30 at 1. Defendant specifically argues that § 922(g)(1) is unconstitutional on its face and as applied to him. *Id.* at 4. Defendant also challenges the constitutionality of § 924(c)(1)(A)(i). *Id.* at 5-6. The Government opposes this motion. Gov't's Consol. Resp. at 1-4.

### i. The Court Recommends Denying Defendant's Request to Dismiss Counts One And Three

Defendant acknowledges that his constitutional challenge to § 922(g)(1) "is foreclosed by binding circuit precedent—at least for now, and at least as it pertains to counts one and three . . . ." ECF No. 30 at 1-2. But Defendant states that he brought this motion "for the purpose of preserving the issue for further review." *Id.* at 2.

Defendant relies on the holding in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2122 (2022), which Defendant states the Supreme Court in *Bruen* held that "the Second Amendment protects the right to carry and possess a gun for self-defense." *Id.* Based on the holding and reasoning in *Bruen*, Defendant argues that "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* (quotation omitted) (quoting *Bruen*, 142 S. Ct. at 2127).

Defendant acknowledges that in *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023), the Eighth Circuit ruled that § 922(g)(1) is constitutional even after the Supreme Court's decision in *Bruen*. ECF No. 30 at 3. Defendant acknowledged this again at the hearing. Defendant notes that there is a circuit split on this issue. *Id.* at 4. Defendant points out that the Third Circuit came to the opposite conclusion in *Range v. Attorney General United States of America*, 69 F.4th 96 (3d Cir. 2023). *Id* at 3. There, Defendant explains that the Third Circuit concluded that § 922(g)(1) could not be enforced against an individual who had a felony conviction for a non-violent crime. *Id.* Defendant argues that § 922(g)(1) is facially unconstitutional and is unconstitutional as applied to Defendant. *Id.*

at 4. But Defendant acknowledges that both challenges are currently foreclosed by the Eighth Circuit's decision in *Jackson*. *Id.* Because there is a circuit split and Defendant believes the Supreme Court will resolve the split, he brought this motion to preserve the issue. *Id.*

The Government emphasizes that Defendant's motion concedes and acknowledges that *Jackson* found § 922(g)(1) constitutional. Gov't's Consol. Resp. at 1. The Government notes that the Eighth Circuit reaffirmed *Jackson* in *United States v. Dunn*, 76 F.4th 1062 (8th Cir. 2023). *Id.* at 1-2. The Government asks the Court to deny Defendant's motion as this Court is bound by the Eighth Circuit's decisions in *Jackson* and *Dunn*. *Id.* at 2.

In *Jackson*, the defendant was charged with being a felon in possession of a firearm in violation of § 922(g)(1). 69 F.4th at 498. Previously, the defendant "had sustained two convictions in Minnesota for sale of a controlled substance in the second degree." *Id.* The defendant moved to dismiss the indictment arguing that § 922(g)(1) is facially unconstitutional and unconstitutional as applied to him. *Id.* at 499. The district court denied the defendant's motion, and the defendant appealed to the Eighth Circuit. *Id.* at 501. The Eighth Circuit affirmed the district court's decision. *Id.* at 501.

In coming to its holding, the Eighth Circuit first turned to the Supreme Court's decision in *District of Columbia v. Heller*, 554 U.S. 570 (2008), which recognized that an individual right to keep and bear arms should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons." *Id.* at 501 (quotation omitted) (quoting *Heller*, 554 U.S. at 626). Turning next to *Bruen*, the Eighth Circuit explained that *Bruen* similarly found that the right to keep and bear arms "is 'subject to certain reasonable,

6

well-defined restrictions'" that "do not disturb or cast doubt on the prohibitions." *Jackson*, 69 F.4th at 502 (quoting *Bruen*, 142 S. Ct. at 2156-57). From there the Eighth Circuit held that "[g]iven these assurances by the Supreme Court, and the history that supports them, [the court] conclude[s] that there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *Jackson*, 69 F.4th at 502.

Moreover, after parsing through the historical prohibitions on the right to possess a firearm, the Eighth Circuit in *Jackson* held that "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons." *Id.* at 505. Further holding that "[c]onsistent with the Supreme Court's assurances that recent decisions on the Second Amendment cast no doubt on the constitutionality of laws prohibiting the possession of firearms by felons, [the court] conclude[s] that the statute is constitutional as applied to [the defendant]." *Id.* at 505-506.

Here, with respect to the as-applied challenge, Defendant is charged with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). ECF No. 9 at 1-3. The Indictment alleges that Defendant, having been convicted of assault in the first-degree and for being a felon in possession of a firearm, both of which are crimes punishable by imprisonment for a term exceeding one year, knowingly possessed, "a Glock model 27, .40-caliber pistol, with an obliterated serial number, an inserted high-capacity magazine, an attached Viridian red laser, and an attached machinegun conversion device" as well as "50 rounds of various .40-caliber ammunition, including 37 'R·P 40 S&W' ammunition rounds, 5 'S&B 40 S&W' ammunition rounds, 4 '40 S&W CBC' ammunition rounds, 3 'WINCHESTER 40 S&W' ammunition rounds,

7

and 1 'BLAZER 40 S&W' ammunition round" *Id.* In *Jackson*, the Eighth Circuit found that § 922(g)(1) may be applied constitutionally to individuals with non-violent criminal records. 69 F.4th at 501-502. Thus, it follows, that § 922(g)(1) can be applied constitutionally to Defendant, who has a violent record. *See generally* ECF No. 9. Applying the reasoning outlined in *Jackson*, § 922(g)(1) is constitutional as applied to Defendant. The Court recommends denying Defendant's request to dismiss Counts One and Three on these grounds.

Turning to Defendant's facial challenge, The Court rejects Defendant's argument that § 922(g)(1) is facially unconstitutional. Following *Jackson*, the Eighth Circuit clarified in *United States v. Cunningham*, 70 F.4th 502, 506 (8th Cir. 2023), that *Jackson* was in the context of the defendant's as-applied challenge, but nonetheless, the Eighth Circuit held in *Cunningham* that "[t]he longstanding prohibition on possession of firearms by felons is constitutional." Thus, in *Cunningham*, the Eighth Circuit concluded that the prohibition on possession of firearms by felons is constitutional. Similarly, the Eighth Circuit reaffirmed the constitutionality of § 922(g)(1) in *United States v. Dunn*, 76 F.4th 1062, 1068 (8th Cir. 2023). "[T]his court concluded that the felon-in-possession statute is constitutional . . . ." *Id.*; *see United States v. Andrews*, No. 18-CR-149 (SRN/DTS), 2023 WL 4974766, at *13 (D. Minn. Aug. 3, 2023) (finding the "constitutionality of § 922(g)(1) solidly confirmed in this Circuit").

The Court is bound to apply the precedent of the Eighth Circuit because the Court is located within the Eighth Circuit. *See Hood v. United States* 342 F.3d 861, 864 (8th Cir. 2003) (finding district court sitting in the Eighth Circuit was bound to apply the precedent

8

of the Eighth Circuit). This is well-established law. *See Calzone v. Summers*, 942 F.3d 415, n.8 (8th Cir. 2019) ("In the absence of a controlling Supreme Court decision to the contrary, the district court as well as any panel of this court, was bound to apply this circuit's precedent."); *United States v. Wright*, 22 F.3d 787, 788 (8th Cir. 1994) ("[A] panel of this Court is bound by a prior Eighth Circuit decision unless that case is overruled by the Court sitting en banc."). It is settled that the Court is bound by the decisions in *Jackson*, *Cunningham*, and *Dunn* and the Court must apply the precedent from those decisions. As found in this Circuit, § 922(g)(1) is facially constitutional. The Court recommends denying Defendant's request to dismiss Counts One and Three on these grounds.

    ii.    **The Court Recommends Denying Defendant's Request to Dismiss Count Two**

Moving to Defendant's challenge to § 924(c)(1)(A)(i), Defendant argues that, as far as he knows, there is no binding precedent deciding the constitutionality of § 924(c)(1)(A)(i) and the reasoning in *Bruen* applies to § 924(c)(1)(A)(i), in order to determine its constitutionality. ECF No. 30 at 5. Defendant argues that Defendant's right to carry or possess a firearm in public for self-defense is implicated by § 924(c)(1)(A)(i) and such a right is protected by the Second Amendment unless the statute is shown to be part of historical traditions. *Id.* at 5-6.

The Government asks the Court to follow the decision in *United States v. Maiden*, No. 23-CR-107 (PJS/DJF), 2023 WL 5353435, at *2 (D. Minn. July 20, 2023), *report and recommendation adopted*, 2023 WL 5348865 (D. Minn. Aug. 21, 2023), which rejected a post-*Bruen* constitutional challenge to § 924(c)(1)(A). Gov't's Consol. Resp. at 2-4. The

Government also notes for the Court that the Sixth Circuit as well as ten other district courts have also rejected similar post-*Bruen* constitutional challenges. *Id.* at 2-3.

The Court also rejects the Defendant's constitutional challenge to § 924(c)(1)(A)(i). The Supreme Court in *Heller* and *Bruen* emphasized that the right to carry or possess a firearm is vested in individuals who are law-abiding citizens. *See Heller*, 554 U.S. at 626 (finding an individual right to keep and bear arms should not "be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."); *Bruen*, 142 S. Ct. at 2122 ("[The court] recognized that the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a handgun . . . ."). "Given that section 924(c)(1)(A) requires as an element that the accused used or carried a weapon 'during and in relation to any crime of violence or drug trafficking crime[,]' individuals subject to this provision are—by definition—not law-abiding citizens." *Maiden*, 2023 WL 5353435, at *2 (quoting 18 U.S.C. § 924(c)(1)(A)). Furthermore, The Eighth Circuit answered the historical tradition question in *Jackson*. There, it found that the defendant was not "a law-abiding citizen, and history supports the authority of Congress to prohibit possession of firearms by persons who have demonstrated disrespect for legal norms of society." *Jackson*, 69 F.4th at 504.

Certainly, a defendant, like we have here, allegedly engaged in drug trafficking while possessing a firearm is not complying with "legal norms of society." *Id.*; *see Maiden*, 2023 WL 5353435, at *2 (finding "[a]n individual engaged in drug trafficking is plainly not in 'compliance with legal norms'") (quoting *Jackson*, 69 F.4th at 503). There is no doubt there is a risk of violence when an alleged drug trafficker, which is what the

Indictment alleged here, also has a firearm. *See United States v. Graham*, 779 F. App'x. 410, 412 (8th Cir. 2019) ("The enhancement for weapon possession [in the context of sentencing guidelines] reflects the increased danger of violence when drug traffickers possess weapons.") (quotation and citation omitted). The Court recommends denying Defendant's request to dismiss Count Two on these grounds outlined above.

## IV. RECOMMENDATION

Based upon the foregoing, and all files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion to Dismiss the Indictment, ECF No. 30, be **DENIED**.

2. Defendant's Motion to Suppress Evidence Obtained from Cell Phones, ECF No. 31, be **DENIED AS MOOT**.

Date: January 5, 2024                         *s/ Tony N. Leung*
                                              Tony N. Leung
                                              United States Magistrate Judge
                                              District of Minnesota

                                              *United States v. Hollman, Jr.*
                                              Case No. 23-cr-290 (JWB/TNL)

### NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.