UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Crim. No. 23-290 (JWB/TNL) |
| Plaintiff, | |
| v. | **ORDER ACCEPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| James Edward Hollman, Jr., *also known as Lil Knox*, *also known as Knox*, | |
| Defendant. | |

---

Benjamin Bejar, Esq., United States Attorney's Office, counsel for Plaintiff.

Karen E. Mohrlant, Esq., F. Clayton Tyler, PA, counsel for Defendant.

---

Defendant James Edward Hollman, Jr. has filed objections to the January 5, 2024 Report and Recommendation ("R&R") issued by United States Magistrate Judge Tony N. Leung. (Doc. Nos. 40, 41.) In the R&R, the Magistrate Judge recommends denying as moot Defendant's Motion to Suppress Evidence Obtained from Cell Phones (Doc. No. 31) and denying Defendant's Motion to Dismiss Indictment (Doc. No. 30). After review, and for the following reasons, the R&R is accepted.

## BACKGROUND

Defendant Hollman was indicted on September 14, 2023, for (1) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count I); (2) carrying a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) and (i) (Count II); and (3) felon in possession of ammunition in

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8) (Count III). According to the Indictment, Hollman was previously convicted of assault in the first degree and for being a felon in possession of a firearm, both which are felonies. The firearm that Hollman allegedly possessed with respect to his new charge is a Glock model 27, .40-caliber pistol, with an obliterated serial number, an inserted high-capacity magazine, an attached Ciridian red laser, and an attached machinegun conversion device. Hollman also allegedly possessed 50 rounds of various .40-caliber ammunition. The drug-trafficking crime alleged in Count II is possession with intent to distribute fentanyl.

Hollman filed a motion to suppress evidence obtained from two cell phones seized pursuant to a state search warrant. He also moves to dismiss the Indictment arguing that the statutes he was charged under violate his Second Amendment rights.

## DISCUSSION

### I.     Standard of Review

District courts review the portions of a magistrate judge's R&R to which a party objects *de novo*. 28 U.S.C. § 636(b)(1); D. Minn. LR 72.2(b)(3). A district judge may accept, reject, or modify all or part of the findings or recommendations. *See id.*

### II.    Motion to Supress

On March 20, 2023, a Minneapolis Police Officer applied for and obtained a state search warrant for two cell phones that were recovered from a prior search. Hollman sought to suppress any evidence seized resulting from that search warrant, arguing that the warrant was "overbroad, not particularized, and not supported by probable cause." (Doc. No. 31.) In response to Hollman's motion, the Government represented that no

officer has examined the results of the state search warrant and that it will not use any information derived from the execution of that search warrant in its case-in-chief at trial. (Doc. No. 37 at 4.) Based on the representations made by the Government, the Magistrate Judge recommended Defendant's motion to suppress be denied as moot. In Hollman's response to the R&R, he now states that "[b]ased on representations made by the Government in its response and at the motions hearing he does not object to the recommendation that the motion to suppress be denied as moot." (Doc. No. 41 at 1 n.1.) Accordingly, Hollman's original objection is considered withdrawn without prejudice and the motion to suppress is denied as moot.

**III.     Motion to Dismiss the Indictment**

Hollman moves to dismiss the Indictment arguing that the statutes he is charged under—18 U.S.C. §§ 922(g)(1) and 924(c)(1)(A)(i)—violate his rights under the Second Amendment of the United States Constitution, following the Supreme Court decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). In Hollman's objection, he acknowledges that this argument—with respect to 18 U.S.C. § 922(g)(1) (Counts I and III)—has been expressly rejected by the Eighth Circuit in *United States v. Jackson*, 69 F.4th 495 (8th Cir. 2023). He states the objection, however, to "preserve the issue." (Doc. No. 41 at 3.) With respect to Count II, Hollman asserts that the Eighth Circuit has not yet ruled on whether 18 U.S.C. § 924(c)(1)(A)(i) violates that Second Amendment, and he asserts the Government has not proven that criminalizing possession during and in relation to a drug-trafficking crime is "consistent with this Nation's historical tradition." *Bruen*, 597 U.S. at 17.

3

The Eighth Circuit has foreclosed Hollman's argument with respect to 18 U.S.C. §§ 922(g)(1), and therefore his objection relating to Counts I and III is overruled. *See Jackson*, 69 F.4th at 505–06 ("Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons."). The undersigned also agrees with the many courts that have found that § 924(c) remains constitutional post-*Bruen* because "[a]n individual engaged in drug trafficking is plainly not in 'compliance with legal norms.'" *See United States v. Maiden*, No. 23-cr-107 (PJS/DJF), 2023 WL 5353435, at *2 (D. Minn. July 20, 2023) (quoting *Jackson*, 69 F.4th at 503, and citing cases), *R&R adopted*, 2023 WL 5348865 (D. Minn. Aug. 21, 2023); *see also, e.g.*, *United States v. Cash*, No. 22-2713, 2023 WL 6532644, at *3 (3d Cir. Oct. 6, 2023) (citing cases). Therefore, Hollman's objection relating to Count II is overruled.

## CONCLUSION

Based on a full review, and in consideration of the applicable law and the Government's representations, Hollman's motion to suppress evidence is moot. In addition, the Government's decision to charge Hollman with possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), and with carrying a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), did not violate the Second Amendment. Therefore, the R&R is accepted in its entirety.

## ORDER

**IT IS HEREBY ORDERED** that:

1. Defendant's Objections to Report and Recommendation (Doc. No. 41) are **WITHDRAWN** without prejudice with respect to Defendant's original objection relating

4

to the state search warrant, and **OVERRULED** with respect to Defendant's objection based on the Second Amendment.

2. The Report and Recommendation (Doc. No. 40) is **ACCEPTED**;

3. Defendant's Motion to Dismiss Indictment (Doc. No. 30) is **DENIED**; and

4. Defendant's Motion to Suppress Evidence Obtained from Cell Phones (Doc. No. 31) is **DENIED** as moot.

Date: March 4, 2024

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge