**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

United States of America,

Plaintiff,

v.

James Edward Hollman, Jr.,

Defendant.

Crim. No. 23-290 (JWB/TNL)

**ORDER ON DEFENDANT'S MOTION TO VACATE SENTENCE**

---

Katherine T. Buzicky, Esq., Benjamin Bejar, Esq., and Craig R. Baune, Esq., United States Attorney's Office, counsel for Plaintiff.

James Edward Hollman, Jr., pro se Defendant.

---

Defendant James Edward Hollman, Jr. moves under 28 U.S.C. § 2255 to vacate his guilty plea and sentence arguing an inadequate factual basis for his conviction and ineffective assistance of counsel. (Doc. No. 80.) Defendant's motion is denied because the motion is time-barred under the one-year statute of limitations in § 2255(f)(1), and neither equitable tolling nor actual innocence applies.

## DISCUSSION

### I. Background

In March 2023, after receiving information that Defendant was conducting narcotics transactions while possessing a firearm and observing Defendant in a rental car, police obtained search warrants for Defendant, his apartment, and the rental car. (Doc. No. 75, Plea Hrg. Tr. at 36–37.) Defendant was then arrested after entering the rental car

on March 15, 2023. (*Id.* at 37.) Officers found a loaded pistol, a baggie of fentanyl pills, and Defendant's Minnesota driver's license in the vehicle. (*Id.* at 37–38.)

Defendant entered into a written plea agreement and pled guilty to being a felon in possession of a firearm and to carrying a firearm during and in relation to a drug-trafficking crime. (Doc. No. 46.) As part of the plea agreement, Defendant waived the right to collaterally attack his conviction or sentence under 28 U.S.C. § 2255 except for a claim of ineffective assistance of counsel or based on new legal principles articulated by the Supreme Court after his guilty plea. (Doc. No. 46 at 11–12.) On August 22, 2024, Defendant was sentenced to a prison term followed by supervised release. (Doc. No. 65.) Defendant did not appeal.

On August 11, 2025, Defendant sought a 90-day continuance to file a motion under § 2255. (Doc. No. 79.) Defendant filed his motion on November 14, 2025. (Doc. No. 80.) The Court deferred Defendant's extension request stating that any issues with respect to timeliness could be raised in the responsive briefing. (Doc. No. 88.)

In its response, the Government argues the motion is time-barred under 28 U.S.C. § 2255(f)(1) and that the doctrine of equitable tolling is inapplicable. (Doc. No. 90 at 4–10.) The Government also asserts that Defendant's claims would fail even if the motion were timely. (*Id.* at 10–13.)

## II. Legal Standard

Under 28 U.S.C. § 2255(a), a district court may vacate, set aside, or correct a sentence if it was imposed in violation of the Constitution or laws of the United States.

Motions for habeas relief under § 2255 are subject to a one-year statute of limitations. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019).

The one-year period runs from the latest of either (1) when judgment becomes final, (2) when a government-created barrier to making a motion is removed, (3) when a new right asserted was first recognized by the Supreme Court, or (4) when facts supporting the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f). Only the first date applies here. Defendant's conviction was final when the period for filing a notice of appeal passed. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008).

## III. Analysis

Judgment entered against Defendant on August 22, 2024. Pursuant to Fed. R. App. P. 4(b)(1)(A), he had fourteen days to file a notice of appeal, which he did not do. Accordingly, the one-year limitations period began to run on September 5, 2024, and expired on September 5, 2025. Defendant did not file his § 2255 motion until November 14, 2025. His motion is therefore untimely.

### A. Equitable Tolling

Equitable tolling is an exception to the statute of limitations. *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). Defendant argues that equitable tolling applies here. (Doc. No. 92 at 1 (conceding that his motion is time-barred).)

To obtain equitable tolling, a petitioner must establish the diligent pursuit of rights and that some "extraordinary circumstance" interfered with that pursuit. *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006). Extraordinary circumstances are those "beyond a

prisoner's control" that make filing a motion on time impossible. *Runyan v. Burt*, 521 F.3d 942, 945 (8th Cir. 2008). Defendant has not met his burden.

Defendant does not discuss his pursuit of habeas relief, nor does he suggest that any extraordinary circumstance prevented him from filing his motion on time. Instead, he asserts that his attorney rendered ineffective assistance. In general, an attorney's negligence or mistake is not considered an extraordinary circumstance, though egregious attorney misconduct has been found to warrant tolling statute of limitations. *See Martin*, 408 F.3d at 1093–95 (tolling when petitioner's attorney told him that "there was no such thing as a one-year filing deadline for § 2255 motions," lied to petitioner's wife about having filed the motion, "completely failed to communicate," and ignored demands to return documents the petitioner had provided to him).

The attorney conduct that Defendant challenges—that she did not adequately investigate his charges and misinterpreted case law—occurred *prior* to his guilty plea and sentence and thus had no bearing on the timeliness of his § 2255 motion. Because his filings do not establish that any extraordinary circumstance interfered with the pursuit of his rights, the doctrine of equitable tolling is inapplicable.

**B. Actual Innocence**

Defendant asserts that actual innocence could serve as a basis to avoid the statute of limitations. (Doc. No. 92 at 1.) While untimely habeas motions may be brought under the actual-innocence exception, for a claim to be tenable a petitioner must present new reliable evidence and "demonstrate it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Wadlington v. United States*,

428 F.3d 779, 783 (8th Cir. 2005). Actual innocence is a strict standard and generally cannot be established when sufficient evidence supports a conviction. *Id.*

Defendant has not presented any new, reliable evidence. He says that he was *seeking* new evidence, including "factual statements from law enforcement, alleged surveillance videos, [and] proffer statements" (Doc. No. 79), but he has not presented any. Instead, Defendant argues innocence based on lack of evidence that he moved or transported a firearm in a vehicle, therefore not meeting the definition of "carry" under 18 U.S.C. § 924(c)(1). But that is a legal argument, not an argument based on newly discovered evidence. The actual-innocence exception is therefore inapplicable, and the one-year statute of limitations must be enforced.

**C. Merits Arguments**

Even if Defendant's motion were timely, the record provides little support for Defendant's claims. First, Defendant's plea agreement bars a challenge to the factual basis of his conviction. And second, Defendant's ineffective assistance of counsel claim does not meet the standard established in *Strickland v. Washington*, 466 U.S. 668 (1984).

The record reflects that Defendant's attorney investigated his charges and provided an opinion on the application of case law to his case. When asked under oath at the change of plea hearing if he was satisfied with his attorney's services, and whether the attorney had answered all his questions, Defendant answered affirmatively. (Doc. No. 75 at 33.) Defendant has not shown that counsel performed deficiently and that counsel's deficient performance resulted in prejudice to the defense. *Strickland*, 466 U.S. at 692.

## IV. Certificate of Appealability

A certificate of appealability is not issued because Defendant has not demonstrated that reasonable jurists could debate whether his request should have been resolved differently or that the issues raised were sufficient to move forward. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

## ORDER

For these reasons, and based on all the files, records, and proceedings in this case, **IT IS HEREBY ORDERED** that:

1. Defendant James Edward Hollman, Jr.'s Motion to Vacate Under 28 U.S.C. § 2255 (Doc. No. 80) is **DENIED**; and

2. The Government's Motion to Dismiss (Doc. No. 90) is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: October 8, 2026

*s/ Jerry W. Blackwell*
JERRY W. BLACKWELL
United States District Judge